UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Isis Gipson,

          Plaintiff,

v.

RJ, *First shift*; Russel, *Second shift*; Sao, *Second shift*; Huan, *Second shift*; Chad; Elijah; Bryant; Panya; and Ben,

          Defendants.

Case No. 24-CV-03615 (JMB/JFD)

ORDER

---

      This matter is before the Court on Plaintiff Isis Gipson's application to proceed in forma pauperis (IFP application). (Doc. No. 2.) For the reasons stated below, the Court dismisses Gipson's Complaint (Doc. No. 1) without prejudice and denies Gipson's IFP application as moot.

      Courts must deny an IFP application and dismiss the underlying legal action if a complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, courts accept as true the factual allegations in a complaint and draw all reasonable inferences in a plaintiff's favor. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009). The factual allegations need not be overly detailed, but they must be sufficient to "raise a right to relief above the speculative level," and the complaint must state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Complaints filed

1

by self-represented plaintiffs are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In her Complaint, Gipson asserts causes of action under Title VII of the Civil Rights Act of 1964 (Title VII), the Minnesota Human Rights Act (MHRA), and Minnesota common law. (Doc. No. 1 at 4.) However, Gipson's Complaint fails to assert sufficient facts to establish a cause of action over which this Court has jurisdiction.

As to Gipson's federal claim, Title VII prohibits employers from discriminating against individuals on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Here, the allegations in the Complaint do not identify Gipson's employer as a defendant to this action. Indeed, she fails to identify her employer at all. Gipson, therefore, has failed to assert a plausible cause of action under Title VII. *See* 42 U.S.C. § 2000e, *et seq.*[1]

---

[1] The Court is also concerned that the allegations in the Complaint may be insufficient for two additional reasons. First, a plaintiff "[is] required to exhaust her administrative remedies with the Equal Employment Opportunity Commission before bringing suit [under Title VII]." *Miles v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1107 (8th Cir. 2007). "[F]ailure to exhaust administrative remedies is an affirmative defense that a defendant must prove." *Id.* Where an affirmative defense "is apparent on the face of the complaint . . . [that affirmative defense] can provide the basis for dismissal[.]" *Zean v. Fairview Health Servs.*, 858 F.3d 520, 527 (8th Cir. 2017). Here, Gipson asserts no facts suggesting that she has exhausted her administrative remedies. Second, the allegations in the Complaint fall short because they are conclusory and not particularized. *See Ashcroft v. Iqbal*, 556 U.S. 662 at 678–79 (2009) (noting that the Court need not accept as true legal conclusions couched as factual allegations). Importantly, the Complaint contains no factual allegations describing the Defendants' discriminatory, harassing, or defaming actions, other than a single reference to insulting comments made by coworkers, which would be insufficient, without more, to state a Title VII cause of action. *See Wilkie v. Dep't of Health & Hum. Servs.*, 638 F.3d 944, 953 (8th Cir. 2011).

The remaining causes of action assert a violation of the MHRA and a claim of defamation, a state common law tort. *See Estiverne v. Times-Picayune LLC*, 206 F. App'x 323, 325 (5th Cir. 2006) (affirming dismissal wherein plaintiff's common law tort theory of defamation was "only actionable under state law"); *see also Richie v. Paramount Pictures Corp.*, 544 N.W.2d 21, 25 (Minn. 1996) (listing elements of defamation claim). The Eighth Circuit, however, has instructed district courts not to exercise supplemental jurisdiction over state-law claims where, as here, all federal claims are dismissed prior to trial. *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008); *Marianist Province of U.S. v. City of Kirkwood*, 944 F.3d 996, 1003 (8th Cir. 2019) ("[T]he balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." (quotation omitted)).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Isis Gipson's Complaint (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE; and

2. Gipson's IFP Application (Doc. No. 2) is DENIED as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: November 14, 2024                    /s/ *Jeffrey M. Bryan*
                                            Judge Jeffrey M. Bryan
                                            United States District Court